## D. B. KELLEY, Respondent, v. JOSEPH MORTON and PEARL MORTON, Appellants.

### Kansas City Court of Appeals, May 4, 1914.

**TAX BILLS: Estimate of Cost: Exceeding Estimate.** Where the city charter does not limit or restrict the actual cost of a street improvement to the estimate thereof by the engineer, nor provide that the bills shall be invalid if the esimate is not accurate, the fact that the actual exceeds the estimated cost will not invalidate the tax. Under such a charter or statutory provisions, the estimate is advisory merely. It would be unjust, in such case, to deprive the contractor of the rewards of his work, after he has honestly and faithfully performed his contract, merely because the advice given by the city's engineer was not accurate.

Appeal from Buchanan Circuit Court.—*Hon. Wm. D. Rusk*, Judge.

AFFIRMED.

*Joseph Morton* and *H. K. White* for appellants.

*Frank B. Fulkerson* and *Frederick D. Fulkerson* for respondent.

TRIMBLE, J.—Plaintiff brought this suit to enforce the lien of four special tax bills for grading a

street on which defendant's lots fronted. Said tax bill were issued by the city of St. Joseph, February 28, 1911. The objection made to the validity of the tax bills is to the estimate made by the city engineer prior to the passage of the ordinance authorizing the work. In all other respects the steps taken by which the work was authorized and the tax bills issued are deemed to be regular. Nor is any contention made that the plaintiff did not do the work in the manner and within the time prescribed by the ordinance and contract. No objection was made at any time to the manner of the grading, nor is there any showing of fraud connected therewith. After the contractor had spent his money and performed the work in accordance with the ordinance and contract, defendant refused to pay said tax bills. After they had drawn interest for some time, and shortly before suit was brought, defendant tendered $70 in full payment of the bills which was not quite one-half the face of the bills not taking into consideration the interest due thereon. This tender was refused and suit was brought. The case was tried by the court, a jury being waived. Judgment was rendered for the full amount of the tax bills enforcing same upon the property described therein. Defendant appealed.

The objection concerning the Engineer's estimate is not that no estimate at all was filed but that the one that was filed was inaccurate; that when the Board of Public Works of St. Joseph approved the proposed ordinance to authorize the work and transmitted it to the Common Council of said city the estimate accompanying it, prepared by the then city engineer and filed in the office of said board, stated that the work to be done under said ordinance would amount to 16,070 yards costing $4,018; that the work actually done under the contract amounted to 29,827.45 yards at 33½ cents per cubic yard aggregating $9992.20. It is thus seen that the estimated cost was only 42 per cent of the actual cost. The question is, in the absence of any fraud,

violation of the contract or variation in the manner of the performance of the contract, does the fact that the estimate made by the city engineer varies so widely from the actual cost, render the tax bills void? If not, does it, or can it, have the effect of reducing the amount recoverable by plaintiff down to the corresponding proportion of the actual cost?

The only reference made by the city charter to any "estimate" appears in section 8838, R. S. 1909. That section provides that all petitions for grading shall be addressed and presented to the Board of Public Works which shall speedily hear and determine same. The section further provides that the board upon its own motion may, and, if a petition signed by a majority of the front feet is presented, "shall prepare an ordinance for the improvements contemplated, and submit such proposed ordinance, together with such petition or a copy thereof for such improvements, if there be a petition, together with all obections thereto or copies thereof that may have been filed with the board, with such recommendations as it may desire to make to the common council, with the full plans and estimates of the costs of the improvement contemplated." The section further provides that before such ordinance shall be submitted all persons shall be notified of the time and place when and where objections will be heard, and such notice shall contain a description of the improvement contemplated.

There is nothing in the statute saying that the actual cost shall not exceed the estimate; nor does it say that the estimate, if not accurate, will invalidate the tax bills. The accuracy of the estimate is not a condition precedent to the letting of the contract. [Probert v. Garth, 155 Mo. App. l. c. 390.] In that case ELLISON J. in speaking of an objection, that although the area had been greatly reduced still the actual exceeded the estimated cost, said: "This goes to show that the estimate was a poor one, but we do not see how it can affect the

validity of the tax bills.    There are cases holding bills
to be void if the work was let at a price in excess  of
the estimate, but those were where the work was done in
cities whose charters forbid contracts in a sum beyond
the estimate.    No such restriction appears in the
charter of cities of the second class, to which St. Joseph
belongs.''

Where the statute does not restrict the amount of
the final assessment to the amount of the preliminary
estimate, the latter is advisory merely.    [2 Page and
Joneson Taxation by Assessment, Sec. 819; Auditor
General v. Chase, 132 Mich. 630; Moran Bros. v. Jersey
City, 58 N. J. L. 144.]    Being advisory only, it cannot
by reason of its being a poor or inaccurate estimate, de-
feat and render invalid an assessment.    Unless the
statute is violated, it would be unjust to deprive the
contractor of the rewards of his work, after he has hon-
estly and faithfully performed his contract, merely be-
cause the advice given by the city's engineer was not
accurate.    As said in Sheridan v. Fleming, 93 Mo. l. c.
325, ''The contractor has nothing to do with the esti-
mate; and to say that he must go unpaid because of a
mistake of the commissioners in a matter over which
he has no control is manifestly unjust.    The law con-
templates no such results.''

Of course, where the statute in express terms pro-
hibits the letting of a contract for a public improvement
in excess of its estimated cost, a different question is
presented, and decisions based on such statutes are not
applicable.    [State ex rel., v. Bates, 235 Mo. l. c. 283.]
Neither are those cases in point involving the failure to
have any estimate at all when the statute says there
must be one.

If the tax bills are not rendered void on account of
the actual exceeding the estimated cost, we do not see
upon what principle this or any other court could scale
down the price to be paid the contractor for his work.
If the tax bills are valid and he has performed his work

according to contract, he is entitled to his pay. If we are without authority to declare the tax bills void *in toto,* where is our authority to declare them partially void? We have no such authority. The judgment as rendered must, therefore, be affirmed. All concur.