# HEMAN CONSTRUCTION COMPANY v. J. DENNISON LYON, Trustee, et al., Appellants.

Division Two, March 28, 1919.

1. **PUBLIC IMPROVEMENT: Advertisement for Bids: Absence from Ordinance.** Where a charter provision for advertising for bids for a public improvement is ample in itself to give notice to the public of the proceeding and to afford an opportunity to con-

tractors to bid for the work, and that provision is minutely observed, tax bills for such improvement are not void on account of the omission from the ordinance authorizing the improvement of a provision directing the manner in which the advertising was to be done.

2. ——: ——: ——: Jurisdiction. A city charter containing ample provisions for advertisement for bids for the construction of a public improvement and those provisions being in all things complied with, absence from the ordinance ordering the improvement of a requirement to advertise for bidders did not, through lack of jurisdiction, render invalid a contract entered into by the board having the work in charge.

3. ——: Delay: Rejection of Bids. A delay in letting a contract for a public improvement and in completing the work, if time is not of the essence of the contract and the delay was not caused by the contractor, but by successive rejections of bids by the board, acting in good faith, in attempts to secure lower prices, although unsuccessful, will not invalidate the tax bills issued in payment of the work.

4. SEWER: Constructed in Sections. Under the charter of the City of St. Louis tax bills issued in payment for the construction of a section of a joint district sewer are not void because the ordinance is not comprehensive of the work of constructing the entire sewer.

5. ——: ——: Different Charter Methods: Legislative Discretion. Where one section of a city charter provides one possible method of constructing a joint district sewer and another section another possible method, the municipal assembly has a discretionary power to adopt either, especially if a ruling that the method prescribed by one section must be followed would be to nullify the other section.

6. ——: ——: Taxing Whole District for Sectional Sewer. A sewer district having been established by municipal authority, it is the duty of the proper city officials to provide adequate sewers therein as needed, to be paid for by the entire district, and the presumption will be indulged that they will perform this duty as speedily as the needs demand; therefore tax bills issued for the construction of a section of the sewer will not be void on the sole ground that the entire sewer plan was not definitely ascertained and provided for in advance.

7. ——: ——: ——: Constitutionality. An ordinance which taxes all the property of a district for the construction of a section of a sewer is not unconstitutional and is immune from collateral attack on that ground, unless it is affirmatively shown that the power to enact such ordinance, having been granted to the municipal assembly by the Legislature, has been exercised arbitrarily, fraudulently and oppressively.

8. ———: **Cost in Excess of Estimate.** Absent from the charter of a restriction of the cost of a sewer to the estimated cost, and absent any showing of bad faith, the tax bills are not void for that the actual exceeded the estimated cost.

9. ———: **City's Portion of Cost.** The failure of the city to specifically appropriate enough money to pay its share of the cost of the sewer to be constructed, prior to the letting of the contract, does not invalidate the tax bills issued against private property benefited, the burden of such property-owners being in no wise increased even though the city never pays its share.

Appeal from St. Louis City Circuit Court.—*Hon. Leo S. Rassieur,* Judge.

AFFIRMED.

*C. R. Skinker* for appellant.

(1) The trial court erred in holding the tax bills valid, because the ordinance authorizing the work for which they were issued contained no direction to advertise for bids. Sec. 27, Art. 6, St. Louis Charter 1902. The words "the same" in that section refer to the antecedent "ordinance authorizing the doing of the work." 2 Kent's Comm. (14 Ed.) sec. 555; Coke on Litt. (1 Am. Ed.) secs. 20b, 38b; Smith v. Boyd, 101 N. Y. 472. Comparison of Section 27 with its predecessor under former charter as construed by the courts shows that the amendment thereof by the Charter of 1902 abolishes the previous judicial construction for which respondent contends here. Plummer v. United States, 224 U. S. 144; State v. Railroad, 242 Mo. 359; State v. St. Louis, 153 Mo. 22; Brewing Co. v. Canandaigua, 44 N. Y. Supp. 320. The doubt in construction must be resolved in favor of appellants. St. Louis v. Realty Co., 259 Mo. 136; Albers v. St. Louis, 268 Mo. 360; Re Clark's Will, 270 Mo. 362; Gould v. Gould, 245 U. S. 153. The failure to obey this command of Section 27 invalidates the bills. Eyermann v. St. Louis, 265 Mo. 529; Ruggles v. Collier, 43 Mo. 376; St. Louis v. Clemens, 43 Mo. 404; Riley v. Oppenheimer, 55 Mo. 374; Saxton v. St. Joseph,

60 Mo. 153; Leach ·v. Cargill, 60 Mo. 316; Trenton v. Coyle, 107 Mo. 193; Nevada v. Eddy, 123 Mo. 546; Verdin v. St. Louis, 131 Mo. 97. (2) The trial court erred in holding the tax bills valid, because: (a) Two years, four months and twenty-four days elapsed between the assembly's direction to the board to let a contract for the work and the letting thereof. Barber Co. v. Brick Co., 170 Mo. App. 503. That was an unreasonable delay, invalidating the bills. Frech v. Lewis, 218 Pa. 144; Scannell v. Fountain ·Co., 161 Mo. 606; Wickwire v. Elkhart, 144 Ind. 305; Goodwyn. v. Chevely, 4 Hurt & N. 633. (b) The delay in completing the work was likewise fatal to the bills. (3) The trial court erred in holding the bills for part of the work valid, because there was no ordinance specifying the whole work and prescribing that it should be contracted for and done in parts. Sec. 28, Art. 6, Charter 1902. This provision is mandatory and in the interest of taxpayers. Superviors v. United States, 4 Wall. 445; Galena v. Amy, 5 ·Wall. 705; Steines v. Franklin County, 48 Mo. 178; State v. King, 136 Mo. 309. The intent of Section 28 was to specify the whole work to be ultimately completed. If not so specified by ordinance, the doing of only part thereof does not justify issuance of tax bills for the part. St. Louis v. Clemens, 49 Mo. 552; Kiley v. Cranor, 51 Mo. 541; Independence v. Gates, 110 Mo. 385; Bloomington v. Reeves, 177 Ill. 161; Spaulding v. Wesson, 115 Cal. 441; State v. Chamberlain, 37 N. J. L. 388; Water Co. v. Paterson, 65 N. J. L. 472; State v. Elizabeth, 37 N. J. L. 334; Kansas City v. Railroad, 230 Mo. 369. Such an ordinance is jurisdictional and its absence invalidates the bills. Tarkio v. Clark, 186 Mo. 298; Pash v. St. Joseph, 257 Mo. 332; Delmar Co. v. Lewis, 271 Mo. 324. (4) The trial court erred in holding valid the tax bills issued for part only of a work whose full completion was not guaranteed by ordinance as required by charter, because the enforcement of such· bills would take appellants' property without due process of law guaranteed by Secs. 21 and 30, Art. 2, Mo. Constitution, and the

Fourteenth Amendment to U. S. Constitution. A tax based upon a benefit not rendered or guaranteed violates both constitutions. Jaicks v. Oppenheimer, 175 S. W. 972; State v. Elizabeth, 37 N. J. L. 334; Same case, 40 N. J. L. 274; St. Louis v. Allen, 53 Mo. 55; Verdin v. St. Louis, 131 Mo. 26; Eyermann v. St. Louis, 265 Mo. 529. It would be a taking in substantial excess of the benefit rendered prohibited by the Federal Constitution. Norwood v. Baker, 172 U. S. 279. The uncertainty whether the entire work will be completed, and what that entire work is, requires the court to hold the bills violative of the Fourteenth Amendment. Harvester Co. v. Kentucky, 234 U. S. 216; Collins v. Kentucky, 234 U. S. 634; Seeding Co. v. Kentucky, 236 U. S. 660. (5) The trial court erred in holding the tax bills valid because the city has failed to specifically appropriate by the ordinance authorizing the work enough money to pay its share of cost, prior to the acceptance of plaintiff's bids. Sec. 28, Art. 6, Charter 1902; Mister v. Kansas City, 18 Mo. App. 226; Perkinson v. St. Louis, 4 Mo. App. 322; Keating v. Kansas City, 84 Mo. 415. The ordinance and contract to do the work were an entirety and the failure in this respect invalidated the whole contract. Kansas City v. O'Connor, 82 Mo. App. 660; Warren v. Commissioners, 181 Mass. 8; Railway v. South Bend, 227 U. S. 551. The city could not validate the contract let without authority, by making subsequent appropriations. Graves v. Saline, Co., 161 U. S. 374; Dennis v. Brotherhood, 119 Mo. App. 221; Dickey v. Holmes, 109 Mo. App. 721; Railroad v. Chicago, 174 Ill. 442; Hampton v. Clinton, 36 Vroom 158; Bayha v. Taylor, 36 Mo. App. 444; Barton v. Kansas City, 110 Mo. App. 39; Bowditch v. Boston, 168 Mass. 243; Warren v. Commissioners, 183 Mass. 6.

*Rodgers & Koerner* for respondent.

(1) All the advertising for bids required by the charter was had. City Charter, Amendments of 1901, art. 6, sec. 27; Bambrick Bros. v. Campbell, 27 Mo. App.

460. (2) Delay in letting of the contract is no defense to the special tax bills. Jaicks v. Middlesex Inv. Co., 201 Mo. 111; Jones v. Paving Co., 174 Mo. App. 393. (a) If any explanation for the delay in letting the contract were required, it is found in the fact that bids were advertised and received three times before the work was let. (b) The charter conferred on the Board of Public Improvements full power and authority to reject all bids and re-advertise. City Charter, Amendments of 1901, art. 6, sec. 27. (3) It was not necessary to provide by one ordinance for the construction of all the sewers in the joint sewer district, where same was to be done in sections. City Charter, Amendments of 1901, art. 6, sec. 22. But in this instance the ordinances providing for sections one and two, adopted simultaneously, did in fact provide for the whole joint district sewer. (4) There was a proper estimate made of the cost of doing the work. And that the actual cost may have exceeded the estimate is immaterial. Kelly v. Morton, 175 Mo. App. 296. The charter did not limit the contract price or cost of the work to the amount of the estimate. (5) It is immaterial that the first appropriation was insufficient to pay the city's share of the ultimate cost of the work, because that circumstance could not in any manner increase the burden of the property owner. Hill v. Swingley, 159 Mo. 45; Schneider Granite Co. v. Gast R. & I. Co., 259 Mo. 153.

WALKER, J.—This appeal seeks the review of a suit tried in the circuit court of the City of St. Louis, which resulted in a judgment in favor of respondent, for the enforcement of the lien of six special tax bills against parcels of land owned by appellants. These bills had been issued by said city to the respondent, for the construction of what was designated as a Second Section of the North Harlem Joint District Sewer. Numerous special defenses were interposed. We will examine those to which the appellants call attention in their assignment of errors, which are as follows:

That the trial court erred in not finding for appellants upon the whole record; that appellants' declarations of law should have been given; that the tax bills violated rights guaranteed under Section 21 or Section 30, Article 2, of the Constitution of Missouri, and the Fourteenth Amendment of the Constitution of the United States.

I. Appellants contend that the ordinance authorizing the work contained no provision requiring an advertising for bids, and that the tax bills **Advertising for Bids.** issued thereunder were consequently invalid. This contention, more briefly put, is that the ordinance is void in not directing the Board of Public Improvements to advertise for bids in a particular manner.

While the ordinance authorizing this work was silent as to the manner in which the advertisment for bids was to be made, the charter relative thereto, in force at the time of these proceedings, provided that: "The Board of Public Improvements shall prepare and submit to the Assembly an ordinance, with an estimate of the cost endorsed thereon, by the president of the board, authorizing the doing of any proposed work, and under the direction of the ordinance authorizing the same, shall advertise for bids, in the papers doing the city printing, three times, the last publication to be at least ten days before the day appointed for the opening of the bids, stating the general nature of the work to be done and the time and place when the bids will be received, and shall let out said work by contract to the lowest responsible bidder. Any other mode of letting out or contracting for work shall be held as illegal and void. But when so provided in the ordinance authorizing or directing the work to be done, the advertising may be for a different period, and in other papers than those provided above." [Part of Sec. 27, Art. 6, Charter of St. Louis, adopted Oct. 20, 1901.]

The manner of the required advertisement is thus clearly and directly prescribed, and that it was pursued as thus directed, there is no controversy. If provision had been made in the ordinance as to the manner of the advertising, it would have accomplished no purpose, unless another mode than that authorized by the charter had been indicated.

In Bambrick v. Campbell, 37 Mo. App. l. c. 465, the St. Louis Court of Appeals, in an opinion by ROMBAUER, P. J., in discussing a provision of the city charter then in force, in relation to the purchasing of supplies, held, that "where the charter prescribed that the municipal assembly shall provide by ordinance for the purchase of all articles by the commissioner of supplies by advertising for proposals, and then stated in detail the manner of advertising and the opening of bids, and the awarding of contracts, that the object of the charter was to make advertisements and bids for public work conform to this provision, and that the ordinance referred to, in the charter provision above quoted, 'under the direction of the ordinance,' meant an ordinance providing for advertising which conforms in details to the charter requirement in advertising for bids for supplies; and that the object of the provision was to secure to the public the same particularity and exactness in advertisements for public work as the charter requires in advertisements for supplies. No claim is made that the board did not advertise for this work, as required by the charter provision; the only claim being that the advertisement was not provided for in the ordinance providing for the improvement." Under this state of facts, the court held that there was no merit in the assignment as to the insufficiency in the advertisement.

The purpose of advertising is to secure competitive bids. This can be as effectively accomplished under the power granted by the charter as if prescribed in an ordinance; that the latter might, under the authority of the charter, have provided for a ddifferent manner of publicity than is required by the former, it may be

admitted. Of this, however, appellants do not complain, but simply of the absence of a provision from the ordinance directing the manner in which the public was to be notified that bids for the work would be received. It is true that in the imposition of public burdens upon private property, the law authorizing same should be strictly complied with, that no right the owner of the property is entitled to may be denied to him. As ELLISON, J., aptly said in City of Kirksville v. Coleman, 103 Mo. App. l. c. 221: "It is well known and universally recognized that there is nothing the law guards with more care and jealousy than it does the right of man to demand that, before his money or property be taken from him without his consent, every provision of the law made for that purpose shall be strictly followed." But, under the facts, that doctrine cannot be invoked here. The charter provision as to advertising was ample in itself to give notice to the public of the proceeding and as a consequence to afford an opportunity to contractors to bid for the work. Having been complied with, the appellants can not claim that its requirements were not observed, and hence no possibility of injury to them can be said to have arisen. Appellants' complaint, therefore, must necessarily be limited to the contention that the absence of a requirement as to advertising from the ordinance rendered it invalid to the extent that the Board of Public Improvements were not authorized to proceed thereunder, through a lack of jurisdiction.

If the reasoning of Judge ROMBAUER, in the Bambrick case, supra, concerning the construction to be given a charter provision in regard to advertising, almost indentical in its terms with that under consideration, is not sufficient by parity of reasoning to settle this question adversely to appellants' contention, then a reference to the elementary rules regulating the course to be pursued in a case of this character may with propriety be resorted to.

A municipal contract for public improvements is subject to the following general limitations and condi-

tions: (1) the subject matter of the proposed contract must be included within the ordinance ordering the improvement; (2) the contract must not surrender or abrogate any public function or duty; (3) it must be let and made in accordance with the method prescribed. As we have shown, a formal compliance with these general rules was observed in this proceeding, in that the ordinance possessed all of the jurisdictional features it was required to possess as to the nature and character of the improvements. [City of Poplar Bluff v. Bacon, 144 Mo. App. 476; Coulter v. Const. Co., 131 Mo. App. 267.] This being true, it cannot be reasonably App. 230; Barber Asphalt Co. v. O'Brien, 128 Mo. said that there was anything lacking to give the Board of Public Improvements full and complete jurisdiction in the premises. There is, therefore, no merit in this contention.

II. The appellants complain of delay in the letting and completion of the contract. The pertinent facts, briefly stated, are as follows: The first call for bids was promptly made upon the adoption of the ordinance, but all of these were rejected as being too high. Within a reasonable time thereafter the board again advertised for bids, which were again deemed excessive and rejected. Not long thereafter, a third notice was given, and this time the board accepted the best bid received and awarded the contract. There was a marked change in the conditions of labor and the prices of materials at the time of each of these bids, for which the board was not responsible. At it turned out, its attemps to secure lower prices were unsuccessful, but that it acted in good faith there is no doubt. Its discretionary power enabled it to make these different attempts, and consequently, its inability to secure the performance of the contract as low as that offered in the first bids does not impair its power in the face of the fact that it was evidently acting for the best interests of the municipality, and the public. No question

*Delay.*

can arise, therefore, although the last bid was higher than the first, as to the board's right to re-advertise in the effort to secure more favorable terms.

Whatever delay occurred was, as the facts disclose, on the part of the city, for which the contractor was in nowise responsible. In the discussion of this question in Jaicks v. Middlesex Inv. Co., 201 Mo. 111, where an ordinance authorized an improvement to be made, and gave full authority for the letting of the contract for same, we held that we were unwilling to say that the contractor who, it appeared, had entered into the contract with reasonable promptitude, and had proceeded speedily to do the work in compliance therewith, should be defeated in regard of his claim therefor on account of the delay on the part of the board letting the contract, and which was not occasioned by the contractor. [Frech v. Lewis, 218 Pa. l. c. 144.] Following this ruling the Kansas City Court of Appeals in Jones v. Paving Co., 174 Mo. App. l. c. 404, held: ''that the failure of an ordinance to fix the time for the completion of the work does not invalidate the ordinance and that 'the tax bills issued in payment of the work are not void because of long delay in letting the contract for the doing of the work, if the contract was in conformity with the ordinance and the work was done and completed in compliance with the contract.' '' To a like effect is Koch v. Shepherd, 193 S. W. (Mo.) 601.

Cases cited by appellants in support of their contention in this behalf may, from their facts, readily be differentiated from the Jaicks and Jones cases, supra, either because in the former, time was expressly made an essence of the contract, which was not the case here, or the delays were shown to have been destructive of competitive bidding, and thus opened the door to fraud and favoritism. To this class belong the case of Metropolitan Paving Co. v. Girard Inv. Co., 194 Mo. App. 661; Barber Asphalt Co. v. K. C. Brick Co., 170 Mo. App. 503; Marshall v. Wisdom,

127 Mo. App. 640, and others of like tenor. We overrule this contention.

III. Appellants insist that the tax bills are void because the ordinance is not comprehensive of the entire work of constructing the sewer, with provisions that such work shall be contracted for and done in sections. The charter provision regulating this proceeding is as follows: "When the extent and character of a joint district sewer is such as, in the opinion of the Board of Public Improvements, render its division into sections advisable, an ordinance or ordinances directing and authorizing the construction of one or more sections may be passed, and when the work in any such section is fully completed, special tax bills to the amount of the cost of such section shall be issued as herein provided." [Sec. 22, Art. VI., Charter of St. Louis, in force at the time of this proceeding.]

*Sections of Sewer District.*

Pursuant to this provision, the Board of Public Improvements, after entering upon its records a resolution that "the extent and character of the Joint District Sewer is such as to render its division into sections advisable," recommended two separate ordinances, authorizing the construction of the first and second sections of said sewer. The city's estimated part of the cost of each of these sections was endorsed on each of these respective ordinances as required by another section (28) of the charter. From the fact of these endorsements, appellants urge that the section requiring same (28) must apply in its entirety. This section is as follows: "Every ordinance requiring work to be done shall contain a specific appropriation from the proper revenue and fund for such part thereof as may be payable by the city, based upon an estimate of cost, to be endorsed by the President of the Board of Public Improvements on said ordinance, for the whole of the cost of the proposed work. Provided, however, that

when the work contemplated by such ordinance is of such magnitude that the total cost thereof would exceed the amount of money then in the city treasury, and available for such purpose, the ordinance may provide for the whole work, which shall prescribe that it shall be contracted for and done in sections or parts as the Assembly shall, from time to time, appropriate the money to pay for the same. But in all such cases the work to be done in sections or parts shall be limited to the amount appropriated for the doing of such sections or parts, and in this manner ultimately to complete the work specified." [Sec. 28, Art. VI., Charter of St. Louis, in force at the time.]

It is the contention of appellants that the word "may" should be construed as "shall" in the provision, "that the ordinance may provide for the whole work." It is evident from their respective provisions, that Section 22 provides one possible method of procedure, and Section 28 another possible method, and that either may be adopted. Whichever course is pursued, the endorsement of the cost required by Section 28 must be made. The result of appellants' contention would be to hold Section 28 mandatory, and to annul Section 22, This would violate the fundamental canon of construction which requires that both sections should stand if possible, and that a discretionary power should be left in the city assembly in the enactment of ordinances to follow the method pointed out in one or the other.

Appellants contend further that while the work may be done in sections, it can only be as a part of a definitely ascertained whole, and that the entire plan or scheme must be provided for in advance. Otherwise, they say, the whole district will be taxed for a sewer which benefits only a part, with no assurance that it will be extended so as to benefit all the district alike. Following the reasoning of the respondent, which we deem sound, in replying to this contention, the answer may be made that the sewer district having been established, it is the duty of the proper city officials to provide adequate

sewer facilities within the district for all of its terri-
tory as such sewers are needed which will be paid for by
the entire district. This conclusion is based upon the
well established presumption, not only that public officials
will do their duty, but that they will do it as speedily
as the needs of the district demand.

In McGhee v. Walsh, 249 Mo. 266, we held that
where a district had been created, sewers may be con-
structed in a part thereof, and the whole district taxed
therefor, as it is presumed that when sewers are needed
in a part of a district not reached by the first section,
they will be constructed at the cost of the entire district.
This ruling we regard as decisive of the matter here at
issue.

IV. Subordinate to and akin to the foregoing con-
tention, appellants urge that the ordinance authorizing
this improvement is void as being uncon-
Constitutional
Ordinance.      stitutional in that it taxes all the property
of the district for a sewer which benefits
only a part. Practically the same argument is adduced
by appellants here as is urged in the preceding con-
tention. The ruling, therefore, in McGhee v. Walsh,
supra, is equally applicable here as in the foregoing.

Besides, it cannot be said that the property would
not be benefited which is not directly adjacent to the
sewer. Much territory will, according to common ex-
perience, be drained which is not so situated. However,
that is not a legitimate matter of controversy. The action
of the municipal assembly in assessing all of the ground
within the sewer district, having been entrusted by the
State Legislature to the city assembly, the action of the
latter will be held to be immune from collateral attack
unless it be affirmatively shown that such action was
exercised arbitrarily, fraudulently, and oppressively.
[Prendergast Const. Co. v. Goldsmith, 273 Mo. 1. c. 191
and cases; McGhee v. Walsh, supra.] There was no
such showing.

277 Mo.—41.

V. It is further contended that the actual exceeded the estimated cost, and that the tax bills were thereby rendered void. This question has received consideration in the case of Kelley v. Morton, 179 Mo. App. 296, where the estimated cost was only 42 per cent of the actual cost. In relation thereto, the court said: "Where the statute does not restrict the amount of the final assessment to the amount of the preliminary estimate, the latter is advisory merely (citing cases). Being advisory only, it cannot, by reason of its being a poor or inaccurate estimate, defeat and render invalid an assessment. Unless the statute is violated, it would be unjust to deprive the contractor of the rewards of his work, after he has honestly and faithfully performed his contract, merely because the advice given by the city's engineer was not accurate. As said in Sheridan v. Fleming, 93 Mo. l. c. 325, 'the contractor has nothing to do with the estimate; and to say that he must go unpaid because of a mistake of the commissioners in a matter over which he has no control is manifestly unjust. The law contemplates no such results.' "

*Cost in Excess of Estimate.*

The charter then in force did not limit the contract price to the amount of the estimate. In the absence, therefore, of any showing of other than good faith, the contractor should not be deprived of his right to be paid for what can, at the utmost, only be construed as an error of judgment.

VI. It is contended by the appellants that the failure of the city to specifically appropriate enough money to pay its share of the cost of the section of the sewer to be constructed prior to the letting of the contract, invalidates the bills.

*City's Portion of Cost.*

If, for any reason, the city does not pay its share for the improvement as finally ascertained, appellants have no ground of complaint, as their burden is not thereby increased. The amount they are required to pay is deter-

mined by the proportion which their property bears to the area of the entire district.

In Schneider Granite Co. v. Gast R. & I. Co., 259 Mo. l. c. 167, the city appropriated more than sufficient funds to pay its share for the improvement, and it was contended that the liability of the property owners was limited to the difference between the total cost and the city's oppropriation. We held this to be incorrect, and that the appropriation did not fix the amount to be paid by the city, but merely designated the fund from which it should be paid. The language of the court in that regard being: "It is true that it was necessary for the ordinance to make an appropriation for paying the city's part, but this provision cannot fix the city's proportionate part. It can only provide the funds out of which the proportionate part (otherwise fixed) can be paid." The doctrine thus announced is applicable under the facts at bar. The burden of the cost of the inprovement which the city is required to pay, and the burden which the property owner shall pay, are entirely independent of each other.

The exercise of that discretion with which the legislative department of the city was vested in authorizing an improvement of the character here in question was within reason, [St. Louis v. United Railways, 263 Mo. l. c. 455;  State ex rel. v. K. C. Term. Ry. Co., 260 Mo. 489; Am. Tob. Co. v. City of St. Louis, 247 Mo. 374; Newcombe v. Kramer, 189 Mo. App. 538.] The appellants were denied no substantial right and suffered no material injury. They were only required to bear a burden regularly imposed under the authority of the law. Of this they cannot complain.

The judgment of the trial court is, therefore, affirmed. All concur.