SOUTHWESTERN BELL TELEPHONE COMPANY, a Corporation, Respondent, v. DRAINAGE DISTRICT NO. 8 of Pemiscot County, Missouri, a Corporation, and McWILLIAMS DREDGING COMPANY, a Corporation, Appellants.

Springfield Court of Appeals, January 29, 1923.

1. **STATUTES: Statute Strictly Construed.** Statutes which undertake to subject private property to a charge on account of a public use must be strictly construed.

2. **DRAINS: Statute Held not to Authorize Cutting and Removal of Telephone Wires to Permit Dredge Boat to Pass Through Ditch Intersecting Highway.** Road and Bridge Act (R. S. 1919, secs. 10737-10741), authorizing removal of "electric wires, transmission lines or the feed and trolley wires of interurban railroads," in moving "any house, building, or other structure" on any public highway, at the expense of the owner of such wires, and which must be strictly construed, does not authorize telephone wires to be cut

and removed to permit a dredge boat to pass through a drainage ditch intersecting a road, after the telephone company, whose line was placed along the road prior to the formation of the drainage district under section 10132, and which was not notified of the drainage district proceedings, and was not assessed benefits or damages, and whose property was never condemned by the district, refused to remove its wires and poles without compensation after being notified under the law, since "other structures" as used in the act, is *ejusdem generis*, and a dredge boat could not be termed a house or building, and besides the wires enumerated therein do not include telephone wires, which were stricken from the law at the time of its passage.

3. **STATUTES: Headnotes not Part of the Law.** The headnote of a compiler of a statute is not part of the law and is in no way binding.

4. **EMINENT DOMAIN: Compensation.** Drainage districts cannot take or damage private property for public use without just compensation.

Appeal from the Circuit Court of Pemiscot County.— *Hon. Sterling H. McCarty*, Judge.

AFFIRMED.

*C. E. Bragg* for appellants.

*Earl H. Painter* and *Ward & Reeves* for respondent.

FARRINGTON, J.—Plaintiff recovered judgment in the trial court in the sum of $58.29 for damages sustained by it by reason of defendants cutting its telephone wires. These wires were strung at proper height on poles along a public road which intersected the defendants' drainage ditch.

Defendants assumed to act under Road and Bridge Act, passed by the Legislature in 1917. [See Session Acts 1917, pages 480, 481, and section 3326, R. S. 1909, now sections 10737 to 10741, inclusive, R. S. 1919.] Defendants gave required notice under such law to plaintiff to remove its wires and poles, which plaintiff refused to

do without compensation. Defendants then cut and removed such wires. The judgment was for plaintiff for the amount necessary to replace its property. The defendants cut the wire for the purpose of permitting a dredge boat cleaning out the ditch to pass through the road which the ditch intersected.

We think the judgment is for the right party.

The law is well settled that statutes which undertake to subject private property to a charge on account of a public use must be strictly construed. [See Heman Construction Co. v. Lyon et al., 277 Mo. 628, 211 S. W. 68.] Giving to statutes relied on by defendants herein a strict construction, we find, first, that it is made to apply only to "houses,  buildings and other structures."  The words "other structures" is *ejusdem generis*.  A dredge boat could in no sense be termed a house or a building. [See Deiner v. Sutermeister, 266 Mo. 505, 178 S. W. 757.]

In this case plaintiff's telephone line had been placed along the road prior to the formation of the drainage district under the authority given in section 10132, Revised Statutes 1919. It is admitted that on formation of the drainage district plaintiff was not brought into the proceedings by notice or  summons, and was never assessed benefits or damages and its property was never condemned by the drainage district.

There is another reason why defendants must fail on this appeal, and that is because the Act of 1917, sections 10737 to 10741, inclusive, nowhere provides for the removal of telephone wires.  The act describes electric wires, transmission wires and trolley wires. The headnote of the compiler of section 10739 is not a part of the law and in no way binding. [See State v. Maurer, 253 Mo. 152, 164 S. W. 551.] Respondent's attorneys have printed what they say is a copy of the Senate Journal, 49th General Assembly, Regular Session 1917, pages 1130, 1131, and not disputed by appellants' attorneys. From this it clearly appears that telephone wires, cable, etc., was stricken from the bill as originally introduced,

and passed after such portion as referred to telephone and telegraph companies was stricken out.

Probably the purpose of the bill was to provide for removal of wires carrying deadly electricity and which, of course, did not apply to telephone wires.

Drainage districts cannot take or damage property for public use without just compensation. [See Bruntmeyer v. Squaw Creek Drainage Dist., 196 Mo. App. 360, 194 S. W. 748; Schalk v. Drainage District, 226 S. W. 277; Greenwell v. Willis & Sons, 239 S. W. 578.] The judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.