HENRY BOHLE'S ADMINISTRATOR, Appellant, *v.* S. B. STANNARD ET AL., Respondents.

#### April 8, 1879.

Where the City Council has the power to cause a street to be macadamized whenever a majority of the property-holders request it or whenever the Council shall deem it necessary, if the preamble to an ordinance passed to macadamize a street recites that the ordinance is adopted on the prayer of a majority of the property-holders, it is immaterial whether this statement be true, as the power to have the work done is not dependent upon the request of the property-holders, and the matters stated in the preamble are, therefore, not jurisdictional. The necessity for the work is implied from the passage of the ordinance.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

GOTTSCHALK, for appellant: The fact that the Council passed the ordinance was sufficient to show the necessity for the work. — *Miller* v. *Anheuser*, 2 Mo. App. 169; *The*

*City* v. *Œters*, 36 Mo. 460.   And there was no necessity for looking to the preamble. — *Young* v. *The City*, 47 Mo. 492 ; *Townsend* v. *Hoyle*, 20 Conn. 1–9.

S. N. HOLLIDAY, CHARLES E. PEARCE, and G. M. STEWART, for respondents : The preamble was effective only in showing that the ordinance was based upon the petition, for which purpose it is to be used in the solution of the question as to what was the jurisdictional basis of 'the ordinance. — *The City* v. *Tiefel*, 42 Mo. 590 ; *The State* v. *Matthews*, 44 Mo. 527 ; *The State* v. *Bank*, 45 Mo. 536 ; *Williams* v. *Williams*, 4 Seld. 525.   It being determined by the triers of the fact that the ordinance was passed upon the petition, this fact is jurisdictional, and the statement of the preamble was not conclusive ; and it is competent, and a good defence, to show that' the petitioners were not resident property-owners as required by law. — Dill. on Mun. Corp. 738, and authorities.

BAKEWELL, J., delivered the opinion of the court.

This is an action on a special tax-bill for macadamizing Bremen Avenue in St. Louis, between Broadway and the river.   The petition is in the usual form.   The answers of the defendants set up as matter of affirmative defence that the charter of St. Louis in force when the ordinance was passed under which the work was done provided that in cases where the mayor and City Council should deem it necessary, and also in all cases where a majority of the owners, resident thereon, of the land and lots fronting on any street should petition for the grading, paving, or macadamizing thereof, the City Council should cause the same to be graded, macadamized, etc., in such manner as provided by ordinance ; that the ordinance under which the work in question was done purports to have been passed on petition of a majority of the resident property-owners on Bremen Avenue between Broadway and the river, but that in fact a majority of such resident property-owners did not petition the Council to

have the street improved, and the ordinance was not passed on petition of a majority of the resident property-holders, and was therefore invalid. The cause was tried by a jury; there was a verdict and judgment for defendants, and plaintiff appeals.

It appears from the evidence introduced on the trial that the work was done under ordinance 5813, approved March 20, 1866, which is as follows: —

" [No. 5813.] An ordinance to improve Bremen Avenue from Broadway to the river.

" *Whereas*, a majority of the resident owners on Bremen Avenue, from Broadway to the river, have petitioned the Common Council to have said street improved; therefore,

"*Be it ordained by the Common Council of the City of St. Louis:* —

" Sect. 1. The city engineer is hereby authorized and instructed to cause Bremen Avenue to be graded, and the carriage-way be macadamized twenty feet wide in the centre thereof.

" Sect. 2. The cost of grading shall be paid by the city of St. Louis, and the sum of one thousand dollars is hereby set apart for that purpose out of appropriations for streets and alleys. The cost of macadamizing shall be assessed as a special tax against the property fronting thereon, in accordance with charter and ordinance."

A petition dated February 6, 1866, was presented to the Common Council, praying for the passage of such an ordinance; and it is agreed that the defendants introduced evidence tending to show that said signers of the petition, at the time, were not owners of any real estate fronting on said improvement; that they were tenants of owners under leases from year to year, and did not reside on Bremen Avenue east of Broadway; also, that said signers were not the owners of any part of the land or lots fronting on Bremen Avenue between Broadway and the river, and that

said petition was not signed by a majority of the owners resident thereon.

On March 19, 1866, an act was passed by the General Assembly, entitled "An act to revise the city charter of the city of St. Louis," wherein it was provided, amongst other things (Acts 1865, Adj. Sess., p. 297, sect. 14), that "in cases where the mayor and City Council shall deem it necessary, and also in all cases where a majority of the owners, resident thereon, of the land and lots fronting on any street or avenue, or portion of street or avenue, shall petition for grading, paving, or macadamizing thereof, the City Council shall cause said grading, paving, or macadamizing to be done in such manner as shall be prescribed by ordinance."

The following instruction was given at the instance of the defendants : "If the jury believe, from the evidence in this cause, that ordinance No. 5813 was passed by the City Council of St. Louis upon the application or petition of Gamble, Eaton, and Dean, and Julius C. Weber, shown in evidence ; that at the time of signing said petition or the passing of said ordinance said parties were not the owners of the major part of the land fronting on Bremen Avenue between Broadway and the river ; or that said petition was not signed by a majority of the owners resident thereon, then said ordinance is absolutely null and void, and the jury must find for the defendants."

This instruction is erroneous ; the law says nothing about a petition by the owners of a major part of the land fronting on the improvement. As the testimony, however, is that the petitioners owned none of the property fronting upon the improvement, the error in this respect could not have been prejudicial to the appellants if the validity of this ordinance depended upon a petition by a majority of the owners resident upon the land fronting upon the street macadamized. The preamble to the ordinance recites that a majority of resident owners petitioned for the improvement ; and

if the power of the Council depended upon this fact, its recital might be important. But inasmuch as, by the same section of the charter, the Council had power to cause this street to be macadamized whensoever they might deem it necessary, whether the property-holders desired it to be done· or not, their jurisdiction not depending in any way upon the fact stated in the preamble, its truth or falsehood is perfectly immaterial. Nor was it necessary that the Council should express in the ordinance or the preamble that they deemed the improvement expedient or necessary. The necessity is implied by their action.

The obvious meaning of this ordinance is that this work sued for herein should be done. The Council confessedly had power, at the time the ordinance was passed, to order it to be done, irrespective of any petition. These things being so, the preamble to the act cannot be invoked to control or restrain its obvious meaning. There is no ambiguity at all about the ordinance ; and where this is so, there is no necessity of looking to the preamble for any purpose whatever. *Townsend* v. *Hoyle*, 20 Conn. 8 : *Clark* v. *Bynum*, 3 McCord, 299 ; *Jackson* v. *Gilchrist*, 15 Johns. 116. The power to pave not depending upon the wishes or requests of the proprietors, or of any portion of them, the facts stated in the preamble are not jurisdictional. 2 Dill. on Mun. Corp., sect. 639.

This work was ordered in the exercise of a discretion committed to the city legislature, which discretion we have no power to revise. Nor have we anything to do with the reasons, or alleged reasons, for the legislative action. The ordinance directing the work settles the question that the exigency contemplated by statute had arisen. It is wholly immaterial that the City Council says in the preamble to the ordinance that the work is ordered at the request of the property-holders, or that it omits to say that the work is necessary. *Miller* v. *Anheuser*, 2 Mo. App. 172. When the Council has by ordinance expressly author-

ized work to be done, which work it has the power to authorize whenever it shall deem it necessary, it is to be presumed that it was deemed necessary for some purpose (*The City* v. *Œters*, 36 Mo. 460).; and the fact that the Council erroneously states in the preamble to the ordinance, that the property-holders requested that the work should be done, does not do away with that presumption.

As to the ordinance before us, there is no room whatever for judicial construction. Its meaning is as plain as words can make.it. It is not for any court to say that the legislature enacted the ordinance for certain reasons set forth in the preamble, and that, therefore, if these reasons are found by the triers of the fact to have been without foundation, the ordinance itself is a nullity. We have nothing to do with the reasons which may have governed the legislature, or with their motives. We have to do only with their meaning; and when that is plainly expressed in any law which the legislative body has the power to pass, there is nothing for the courts to do in the matter but to give it effect. It is always to be presumed that the legislative body designed the law to take effect, and not to be a nullity.

The judgment of the Circuit Court must be reversed, for the error in giving the instruction above set out, and the cause remanded. It is so ordered. All the judges concur.