RACKLIFFE-GIBSON    CONSTRUCTION    COMPANY, a corporation, Respondent, v. ZEILDA FORSEE INVESTMENT COMPANY, a corporation, Appellant.

**Kansas City Court of Appeals, May 4, 1914.**

1. **TAX-BILLS:**  Assessments: Frontage on Streets.  The plaintiff sued to enforce the lien of a special tax-bill against the land of the defendants.  The defendants' land did abut on the street, which was paved, but only to the extent of a very small proportion, seventeen feet, of a large tract which was all taxed for the improvement.  *Held,* that our statutes do not contemplate the division for the purposes of a special assessment, of single lots or parcels of land, but the whole tract in so far as it lies within the area of the assessment is subject to the assessment, if any portion of it abuts upon the street where the improvement is made.

2. **DEFINITIONS:**  Frontage.  The term "frontage" is but an expression of the front foot rule and under such rule no other property than that abutting on the street improved can be assessed.

Appeal from Buchanan Circuit Court.—*Hon. Wm. D. Rusk,* Judge.

AFFIRMED.

*Brown & Eastin* for appellant.

*Frank B. Fulkerson, Joshua A. Graham* and *Hugh C. Smith* for respondent.

JOHNSON, J.—This is an action to enforce the lien of a special tax bill issued by the city of St. Joseph for the paving of Twenty-second street, under an ordinance duly passed for that purpose. The street runs north and south and the land owned by defendant against which the tax bill was issued consisted of an irregular, unplatted tract or parcel of land, the body of which was 1017 feet, nine inches long, from north to south, and of an average width of about 400 feet. The whole of the tract was west of Twenty-second street and all of it except a narrow strip we shall describe was separated from the street a distance of 224 feet by an intermediate tract not owned by defendant and known as the Huggins Terrace, which was 990 feet long and 224 feet wide. The strip just mentioned, which was seventeen feet, nine inches wide, bounded the Huggins Terrace on the north and connected the body of defendant's tract with Twenty-second street, having a frontage of seventeen feet, nine inches on that street. Had the described lands been platted the strip would have constituted a part of Marion street, an east and west street, but neither the Huggins Terrace nor defendant's land was platted at the time of the improvement and the issuance of the tax bill. The north end of the improvement as fixed in the ordinance was opposite the north boundary line of defendant's land. Sometime after the tax bill was issued defendant platted the whole tract and the city accepted the dedication of the streets and alleys as shown on the recorded plat. The whole of the strip was included in the land platted and dedicated as Marion street.

The defense to the tax bill is that its lien could not be extended south of the narrow strip abutting on the street, i. e., a strip seventeen feet, nine inches wide off of the north end of defendant's tract and since that strip has been dedicated to public use, the lien has failed entirely, at least, as far as the land retained by defendant is concerned.

As stated by counsel for defendant "the sole question raised at the trial was whether or not the plaintiff could have a lien against a large tract of land situated as the tract described in the tax bill simply because a strip seventeen feet, nine inches wide extended like an arm out to, and bordered upon, the street." In their brief and argument counsel advance the proposition that "only that portion of the land abutting upon Twenty-second street can be subjected to the tax," and apply this rule in a way to restrict an assessment against a lot, tract or parcel of land to an area of no greater width than that of the frontage of such lot or tract on the improved street.

The pertinent statutes provide "the cost of all work on streets . . . shall be charged as a special tax on lands on both sides of an adjoining street" (Sec. 8709, R. S. 1909) and "when any work . . . shall be completed under authority herein granted, the city engineer shall compute the cost thereof and apportion the same among the several lots or parcels of land to be charged therewith and charge each lot or parcel of property with its proper share of such costs according to the frontage of the property." [Sec. 8710.]

As we said in Chillicothe v. Henry, 136 Mo. App. l. c. 472, the term "frontage" is but an expression of the "front foot rule" and under such rule no other property than that abutting on the street improved can be assessed. But where a lot or parcel of land has a frontage on the improvement, the quoted language of the statutes would seem to contemplate that the whole lot or parcel should be subject to assessment in the proportion of its frontage on the street. Each lot or parcel so abutting is treated as an assessable unit or entity and no statutory provision is made for the subdivision of such units to meet the exigencies of particular cases. The right of municipalities to assess private property to pay the costs of public street

improvements is purely statutory, as is also the method and procedure for making an apportionment of the burden. The statutes must be strictly construed and implied provisions inconsistent with those expressed could not be read into them by the courts without invading the province of the Legislature. Large as it was, the whole tract owned by defendant was but a single parcel—a taxable entity—and it was enough to subject it to an assessment that it stretched out an arm which ended in a street frontage. So far as we are advised or have been able to ascertain the point is new in this State and the only cited authority in other jurisdictions which may be said to touch the precise question is the case of Bishop v. Tripp, 8 Atl. 692. In that case the Supreme Court of Rhode Island said of an instance where only a portion of the land assessed abutted on the street, the rest being separated from the street by the land of another person, "We think the correct construction of the several statutes relating to the subject is that the entire estate, insofar as it lies within the area of the assessment, is subject to assessment, if any portion of it abuts upon the street where the sewer is laid, though of course only the abutting portion is subject to assessment for frontage."

The case of Ryan v. Sumner, 17 Wash. 228, relied upon by defendant, presented a different situation from that in the present case. There a forty-acre tract abutted on a street which was improved less than half the distance of the whole frontage. The Supreme Court of Washington held that "the estimate of the benefits and assessment must be confined to that portion of the land fronting on the improvement," doubtless for the reason that the remainder of the land would be subject in the future to assessment for the cost of extending the improvement the entire length of the frontage. It must be admitted that the decision does not treat a single parcel of land abutting upon the improvement as an assessable unit and since it contains

no reference to the pertinent statutes and they are not before us we have no means of knowing that the rule pronounced was not authorized by the statutory law of that State.

Our own statutes, as we have observed, do not contemplate the division for the purposes of such special assessment of single lots or parcels of land, and we are bound to enforce the statutory law as we find it. We agree with the learned judge who tried the case that the tax bill was properly issued against the entire tract.

The judgment is affirmed. All concur.