City of University City to the use of G. B. Schulz, Appellant, v. James H. Amos, Fred A. Gissler, and Fred L. Williams, Trustees of University Heights Subdivision in the City of University City.—141 S. W. (2d) 777.

Division One, June 28, 1940.

*L. L. Bowman* and *John I. Sample* for appellant.

*George C. MacKay* and *James R. Anderson* for respondents.

GANTT, J.—Action on a special tax bill for public street improvement issued by University City against Trinity Ave., a private street in University Heights Subdivision of said city. Plaintiff Schulz is the assignee of the special tax bill. Defendants, as Trustees of University Heights Subdivision, have title to said private street. Judgment for defendants and plaintiff appealed.

The petition is conventional. The answer, among other defenses, alleged a defect of parties defendant in that the lot owners in the subdivision are necessary parties to the action. It further alleged that the ordinances taxing the private street, Trinity Ave., for the public street improvement, and the statute authorizing the ordinances violate the due process and uniformity clauses of the State and Federal Constitutions. The theory of the trial court's finding in favor of defendants is not in the record. The case is here for review on the theory that the record presents a constitutional question. The pertinent facts follow:

University Heights Realty & Development Co., owned 84.81 acres of land. It subdivided the land into blocks and lots. In doing so it provided for the subdivision only private streets, among them Trinity Ave. It named the development University Heights Subdivision and recorded a plat of the same in the office of the Recorder of Deeds.

Under a declaration of trust executed by the owners of the land at the time the subdivision was platted, the three defendant trustees have title to the private streets. The declaration of trust sets forth the duties of the trustees with reference to said streets, and among other things requires them to pay all general and special taxes levied against the private streets and, under a frontage rule, assess the costs of said taxes as a lien against the lots of the subdivision.

The private street under consideration (Trinity Ave.) meanders southward through the subdivision to Delmar Blvd., a public street, and the southern boundard of the subdivision. The special tax bill was issued under the "front foot" rule against Trinity Ave., as its part of the cost of repaving Delmar Blvd. Trinity Ave., is fifty feet in width. However, at a point near the intersection of Trinity Ave., and Delmar Blvd., Trinity Ave., widens by curving to the east, which gives it a frontage of 183.29 feet on Delmar Blvd. As a result of the curve, the depth of Trinity Ave., at the intersection varies from nothing at the east point connection of Trinity Ave., with Delmar Blvd., to sixty feet more or less at the west side connection of Trinity Ave., with Delmar Blvd., whereas the depth of the blocks along the north side of Delmar Blvd., averaged two hundred feet.

Defendants admit the validity of the "front foot" rule. Even so, they argue that the rule is not without limitations. They contend that the application of the rule to the facts of this case is discriminatory

and in violation of the due process and uniformity clauses of the State and Federal Constitutions.

If we assume that the rule has limitations, the question of our jurisdiction is reduced to a consideration of the admitted facts. Of course, defendants' contention of discrimination is upon the theory that the assessment against Trinity Ave., covers only a parcel of land with slight and irregular depth. On the contrary, the record shows that under the declaration of trust the levy, in effect, is on the lots of the subdivision. Indeed, the answer of the defendants alleged that the lot owners of the subdivision were necessary parties to the action. Furthermore, under the declaration of trust, the lots of the subdivision are subject to assessment to pay the cost of the tax. Thus it appears that the application of the "front foot" rule to the facts of this case is not discriminatory. There is no constitutional question presented by the record. If so, the trial court could not have found for the defendants on the theory that the "front foot" rule is unconstitutional.

This court is without appellate jurisdiction, and the cause should be transferred to the St. Louis Court of Appeals. It is so ordered. All concur.