BRIDGES ASPHALT COMPANY v. JEROME E. JACOBSMEYER and URSULA JACOBSMEYER, His Wife, AUGUST C. HILMER, Trustee, Appellants. —142 S. W. (2d) 641.

Division One, August 2, 1940.

*Grimm, Mueller & Roberts* for appellants.

*C. L. de Renthel* for Bridges Asphalt Paving Company; *Wm. B. Kinealy* of counsel.

612

DOUGLAS, J.—This is a suit upon a special tax bill issued against the property of defendants for the improvement of North Florissant Avenue from Wright Street to Palm Street in St. Louis. The plaintiff is the assignee of the bill.

A benefit or taxing district was laid out, the cost of the improvement apportioned, the work completed and tax bills issued. Upon defendants' refusal to pay the bill against their property plaintiff brought suit. Defendants by their answer and cross bill prayed for the cancellation of the bill. Judgment was for plaintiff and defendants have appealed. There is no complaint that the work was not properly performed.

The chief question for consideration is whether the taxing district has been laid out in such a manner as to be an abuse of legislative power in that the distribution of the cost of the improvement is so unfair that the due process clauses of the United States and Missouri Constitutions have been violated. This question, we might add, vests this court with jurisdiction of the instant case.

It is a recognized fact that there are bound to be certain inequalities and hardships in apportioning improvement taxes even under a plan which is reasonably fair and just because human wisdom has not yet devised a scheme of exact equality in the assessment of such taxes. The question is to be considered with a liberal view of the incidental inequalities. If the expense has been apportioned as justly and as fairly as is reasonable under the conditions and with special consideration of the benefits applicable to the parcels taxed there is no violation of the constitutional guaranties despite the fact greater burdens are cast upon some. [Barber Asphalt Paving Co.

v. Hayward, 248 Mo. 280, 154 S. W. 140.] These guaranties are violated where the tax is distributed in grossly unequal portions under a plan which is palpably arbitrary or a plain abuse. [Houck v. Little River Drainage District, 239 U. S. 254.]

The cases chiefly relied on in support of the contention that the district was improperly laid out involve the old St. Louis charter provision which established a precise rule to be followed in laying out such districts. Abuses resulted because of the impossibility of applying a fixed rule to varying conditions. [See Gast Realty Co. v. Schneider Granite Co., 240 U. S. 55.] This court has consistently held that it is impossible to prescribe a hard and fast rule for the establishment of taxing districts which will not cause conflicts with the Constitution. As a result the charter was amended and the rule was abandoned. Flexible powers are now provided.

▮ To be sure the district involved in this case has saw-tooth boundaries and is irregular in outline. This condition arises because of the acute angles at which the avenue and the cross streets intersect. Therefore, the lots fronting on these cross streets are not parallel with the avenue. Such boundaries should not be a basis for criticism. To the contrary, their irregularity denotes that special consideration has been given to the existing conditions. Consideration was also given to the distribution of the cost of the neighboring streets so that only those lots mostly benefited by the present improvements are included in the district. Under all the circumstances we believe that the district as it is laid out apportions the cost of the improvement fairly and reasonably.

▮ In widening the avenue an entire lot would be taken and only part used for travel because the curb line would intersect the lot at an angle. As a result small triangular plots or islands were created at various cross streets on both sides of the avenue. These plots lie outside the new parallel curb lines of the avenue and abut it. While they were left unpaved the testimony was that they are part of the avenue. However, it is insisted that they should have been assessed their share of the cost and the city required to pay such assessments. The charter makes no provision for an assessment against public highways which are in a benefit district. Unless made so by express enactment or clear implication public property belonging to a city is not liable to special assessment for public improvements. [State ex rel. Kansas City v. School District of Kansas City, 333 Mo. 288, 62 S. W. (2d) 813.] These plots are a part of the highway and were properly excluded from assessment. ▮ It is common knowledge that grass plots and parkways are now component and necessary parts of streets and highways. [Prescott, Wright, Snider & Co. v. Mellody-McGilley Funeral Home, Inc. (Mo. App.), 118 S. W. (2d) 499.] The record shows that one of these plots has been vacated as a portion of the avenue and there was testimony that it was being

used for a filling station at the time of the trial. However, this was after the district was created, the taxes apportioned and the work completed.

The fact that these plots were not paved does not deprive them of their character as a part of the highway. A city is not required to pave all the land condemned for a highway nor to open all of it for public travel. [City of St. Louis v. Senter Commission, 336 Mo. 1209, 84 S. W. (2d) 133.]

■ The charge is made that some lots which are claimed to abut the avenue were not assessed on the frontage basis. There is no oral testimony to support this charge. Such instances complained of in the brief are based on a plat of the district which was introduced into evidence. This plat shows the outline of the district and of the improvement, the various streets and the lots. But we are unable to discern from the copy before us which lots were assessed for frontage and which were not. It was for the appellants to establish this defense and they have failed. A tax bill is prima facie valid and the burden of proving its invalidity is on the party attacking it. [Doemker v. City of Richmond Heights, 322 Mo. 1024, 18 S. W. (2d) 394.] Furthermore, it is our opinion that the lots so designated cannot be said to abut the avenue.

Lot lines were not always completely followed in laying out the district. In some cases only part of a lot was included within the district. It is insisted this violates the ruling of Rackliffe-Gibson Construction Co. v. Zeilda Forsee Investment Co., 179 Mo. App. 229, 166 S. W. 849, which held that the statutes do not contemplate the division of single lots or parcels of land for the purpose of special assessments. That ruling is not applicable here. In the first place it was limited to assessment according to frontage only and not also as to area. Secondly, it is based on Secs. 8709, 8710 of R. S. 1909, now Secs. 6292 and 6293 of R. S. 1929 as amended, which are not applicable to this case. The City of St. Louis has its own charter provisions which provide for assessment of lots and parcels of ground "within the benefit or taxing district." To follow rigidly the rule appellants contend for, would lead to arbitrary abuses condemned by the Gast case.

■ We find no arbitrary abuses in this case. The expense of the improvement was apportioned both within the district and by its limits with reasonable equality and fairness and with proper consideration of the benefits conferred. Consequently, there was no violation of the due process clauses and the claim of unconstitutionality is ruled against the appellants.

■ The decree entered by the trial court is claimed to be erroneous because it grants a personal money judgment against the owners. It states ". . . plaintiff is entitled to have and recover from the owner of said premises the amount of its said special tax bill. . . ."

The decree then declares said amount to be a special lien against the premises, directs its foreclosure and the sale of the property. The finding that the plaintiff was entitled to recover merely furnished a basis for the lien against the land. If the plaintiff was not entitled to recover there could be no lien. We do not find the decree erroneous as charged.

■ Appellant also criticises the decree because it allows "interest on interest." The petition asked judgment for $843.55, the amount of the tax bill, and for interest at 8 per cent as provided by law from the date of demand. The record shows that the amount of interest due was $37.96. Judgment was entered for both principal and interest in the aggregate sum of $881.51 and for interest at the rate of 8 per cent until paid. While a part of the judgment is the amount of the interest then due and after becoming merged into the judgment bears interest as the appellant charges, still the decree is not liable to criticism as the statute specifically allows interest on all money due upon any judgment. [Sec. 2841, R. S. 1929, Ann. Stat., p. 4628.]

In view of our conclusions, it is of no avail to discuss other contentions.

The judgment is affirmed. All concur.