CITY OF UNIVERSITY CITY TO THE USE OF G. B. SCHULZ, APPELLANT, v. JAMES H. AMOS, FRED A. GISSLER, AND FRED L. WILLIAMS, TRUSTEES OF UNIVERSITY HEIGHTS SUBDIVISION IN THE CITY OF UNIVERSITY CITY, MISSOURI, RESPONDENTS.—156 S. W. (2d) 65.

St. Louis Court of Appeals. Opinion filed December 2, 1941.

Motion for Rehearing Overruled December 16, 1941.

Petition for Writ of Certiorari Denied March 10, 1942.

*George C. MacKay* and *James R. Anderson* for respondents.

*L. L. Bowman* and *John I. Sample* for appellant.

430

SUTTON, C.—This is an action on a special tax bill for public improvement issued by University City against Trinity Avenue, a private street in University Heights Subdivision of said city. Plaintiff Schulz is the assignee of the special tax bill. Defendants, as trustees of University Heights Subdivision, have title to said private street. The trial resulted in a judgment for defendants and plaintiff appeals.

The case went to the Supreme Court on the theory that a constitutional question was involved. That court, having found no constitutional question involved, transferred the case here. [See City of University City v. Amos (Mo.), 141 S. W. (2d) 777.]

University Heights Realty and Development Company owned 84.81 acres of land. It subdivided the land into blocks and lots. In doing so it provided for the subdivision only private streets, among them Trinity Avenue. It named the development University Heights Subdivision, and recorded a plat of the same in the office of the Recorder of Deeds.

Under a declaration of trust executed by the owners of the land at the time the subdivision was platted, the three defendant trustees have title to the private streets. The declaration of trust sets forth the duties of the trustees with reference to said streets, and among other things requires them to pay all general and special taxes levied against the private streets, and, under a frontage rule, assess the cost of said items as a lien against the lots of the subdivision.

Trinity Avenue, the private street under consideration, meanders southward through the subdivision to Delmar Boulevard, a public street, and the southern boundary of the subdivision. The special tax bill was issued under the "front foot" rule against Trinity Avenue as its part of the cost of repaving Delmar Boulevard. Trinity Avenue is fifty feet in width. However, at a point near the intersection of Trinity Avenue and Delmar Boulevard, Trinity Avenue widens by curving to the east, which gives it a frontage of 183.29 feet on Delmar Boulevard. "As a result of the curve, the depth of Trinity Avenue at the intersection varies from nothing at the east point connection of Trinity Avenue with Delmar Boulevard to sixty feet more or less at the west side connection of Trinity Avenue with Delmar Boulevard, whereas the depth of the lots along the north side of Delmar Boulevard average two hundred feet." [See City of University City v. Amos (Mo.), 141 S. W. (2d) 777.]

Plaintiff urges here that the special tax bill sued on is *prima facie* evidence entitling him to a judgment against the property described in the bill, whereas defendants contend that the description in the bill of the property affected is fatally defective. The bill was issued pursuant to an ordinance, describing the property and the frontage, as follows: "Trinity Avenue, a private street, frontage 183.29." The property and frontage is described in the bill as issued as follows: "Trinity Avenue, a private street, north of Delmar Block 5 ——— Subdivision said ground having an aggregate front of 183.29 feet, on the north side of said improvement by a depth of ——— feet, bounded: North by ———, east by Block 4, South by Delmar Boulevard and West by Lot 1." Five years after its issuance, the bill, pursuant to a resolution of the Board of Aldermen, was amended as evidenced by an endorsement on the reverse side of the bill, describing the property and frontage, as follows: "Trinity Avenue, a private street of University Heights Subdivision, said ground having an aggregate front of 183.29 feet on the north side of said improvement." Lot 1 is in block 5. It extends north from Delmar

Boulevard. Its east line runs northwesterly along the west side of Trinity Avenue 158.92 feet. Block 4 extends north from Delmar Boulevard a distance of approximately 600 feet to Cornell Avenue. Its greatest width is approximately 300 feet. Its east boundary is a straight line along Harvard Avenue. Its west boundary is a convex line along Trinity Avenue.. It has a frontage on Delmar of 36.52 feet. It is not divided into lots. It belongs to the city. It is the site of the City Hall. The east part of Lot 1 also belongs to the city, which maintains a parkway on it.

The amount of the cost of the improvement charged against Block 4 is $272.64. The amount charged against Trinity Avenue is $1368.34.

University City is a city of the fourth class.

Section 7051, Revised Statutes 1929, Missouri Statutes Annotated, section 7051, page 3768, provides that the cost of paving, macadamizing, guttering and curbing all streets, avenues, alleys and other highways, or any part thereof, or any connection therewith, and repairing the same, "shall be levied as a special assessment upon all lots and pieces of ground upon either side of such street, avenue, alley or other highway, or part thereof or connection therewith, abutting thereon, along the distance improved, in proportion to the front foot."

Section 7054 provides that the assessments made shall be known as special assessments for improvements, and shall be levied and collected as a special tax, and a special tax bill shall issue therefor, and shall be paid in the manner provided by ordinance, and that "every such special tax bill shall be a lien against the lot or piece of ground described in the same until the same is paid."

Section 7055 provides that "the city clerk shall keep a record of all special tax bills issued by the city in a special book provided for that purpose, which record shall show the date and amount of each tax bill, the rate of interest it bears, and the description of the land against which it is issued, the name of the party to whom it was issued, the street or part of street, or alley improved and the kind of improvement."

It is obvious that the tax bill in suit here is fatally defective for want of a proper description of the "piece of ground" lawfully chargeable with the cost of the improvement. Both the tax bill and the ordinance authorizing it charge the cost against the whole of Trinity Avenue, which meanders northerly, a distance of 1700 feet, through five blocks, from Delmar Boulevard to Dartmouth Avenue, whereas the "piece of ground" abutting on Delmar Boulevard and lawfully chargeable with the cost of the improvement, has a frontage on Delmar Boulevard of 183.29 feet and a depth varying from nothing at the east point connection of Trinity Avenue with Delmar Boulevard to sixty feet more or less at the west side connection of Trinity Avenue with Delmar Boulevard. While, of course, the "piece of ground" lawfully chargeable with a lien is included within the

description, which calls for the whole of Trinity Avenue, there is no separate description of the "piece of ground" lawfully chargeable with a lien, but the bill undertakes to charge the whole avenue with a lien. For this reason obviously the bill is void.

It is a firmly established rule that any statutory requirement as to the description of property sought to be assessed with the cost of an improvement is mandatory and jurisdictional, and must be complied with, also the assessment will be void. Moreover, aside from any statutory provision, a proper description of the property is essential to the validity of the assessment. [44 C. J. 672.]

Assessments under the front foot rule often result in gross inequalities, or even in confiscation. It is not too much to require a compliance with the law with respect to the description of the property sought to be charged with a lien. The owner of the property charged is not personally liable. The charge is against the property. It will not do to say that where property not lawfully chargeable is included within the description of the property lawfully chargeable, the court may segregate the property lawfully chargeable, or that the owner may discharge the lien from the whole property by the payment of the tax assessed. The owner, not being personally liable, may wish to allow the property lawfully chargeable to be subjected to the payment of the tax. He may regard the property lawfully chargeable as worth less than the amount of the tax. Yet he is confronted with a tax bill covering all his property, including that not lawfully chargeable as well as that lawfully chargeable. He must either pay the tax bill or have his whole property clouded with a sale for the payment thereof, or be subjected to the harassment of expensive and prolonged litigation to protect his property from such cloud, and, while the litigation is in progress, have his whole property clouded with the tax bill. In this very case, which has been pending in the courts already for a period of five years, the plaintiff is seeking to have the whole property described in the tax bill subjected to the payment thereof. To hold tax bills such as this valid would result in intolerable mischief. The only just remedy against such bills is to hold them utterly void.

However, plaintiff concedes that, if the whole of Trinity Avenue is not lawfully chargeable with a lien for the cost of the improvement, the tax bill is void for including within its description the whole of the avenue, but he insists that the whole of the avenue is lawfully chargeable with such lien. [Plaintiff relies on Missouri Real Estate & Loan Co. v. Curd (Mo.), 24 S. W. (2d) 106.] That case is not in point here, for, though the tracts charged with liens varied in depth and area, the whole of each tract abutted on the street improved. [Plaintiff also relies on City Trust Co. v. Cunningham (Mo. App.), 20 S. W. (2d) 930.] That case is not at all like this case, and the question involved here was not before the court for decision. The holding in

that case is that land abutting wholly on the street improved and extending continuously to and abutting on a parallel street was properly chargeable with a lien for the improvement.

In Rackliffe-Gibson Construction Co. v. Zeilda Forsee Investment Co., 179 Mo. App. 229, 166 S. W. 849, relied on by plaintiff, it was held that where a large tract of land under a single ownership stretched out an arm 17 feet wide and 224 feet long, which abutted on the street improved, the whole tract was subject to assessment. But in that case the location and character of the property assessed were different from that with which we are here concerned. The language of the applicable statute is different, too. We are here concerned with property dedicated and devoted by a community of lotowners to use as a private street, which meanders a distance of 1700 feet through five blocks northward from Delmar, the street improved. Princeton Avenue intersects Trinity on the west about three hundred feet northwest of Delmar. Trinity intersects Cornell a block north of Princeton. Columbia intersects Trinity on the west a block north of Cornell. Amherst intersects Trinity on the west a block north of Columbia. Trinity intersects Dartmouth on the south a block north of Amherst and five blocks—1700 feet—north of Delmar. We do not think the doctrine announced in the Rackliffe case is applicable here. If it were, then every street just mentioned would have been subject to assessment, for every one of them is connected with Trinity Avenue. While their names are different their ownership is the same. Every one of them stretches out an arm which abuts on Delmar, the street improved, and that arm is Trinity Avenue. Or, on the same principle, if Trinity had meandered its way northward a distance of a mile or miles, its entire length would have been subject to assessment. This suffices to show that the doctrine announced in the Rackliffe case cannot be applied without limitation.

Bridges Asphalt Co. v. Jacobsmeyer, 346 Mo. 609, 142 S. W. (2d) 641, relied on by plaintiff, is not in point. The question with which we are here concerned was not decided in that case, nor was it before the court for decision.

Manifestly, the attempt in the instant case to charge the entire length of Trinity Avenue with a lien is not authorized by the statute.

Plaintiff contends that defendants are not entitled to urge as a defense that the tax bill is void for want of a proper description of the property because such defense was not pleaded. To this we cannot agree. Such defense is available under a general denial. [Enright v. Schaden (Mo.), 242 S. W. 89.] Moreover, the voidness of the tax bill for want of a proper description of the property was shown by plaintiff's own evidence.

Plaintiff further contends that defendants did not try their case below on the theory that there was not a proper description of the property. On examination of the whole record we cannot say that

this is so. The theory of the trial court's decision is not disclosed by the record. We know the decision was in favor of defendants. Plaintiff has the burden of showing that the case was not tried and decided below on the theory advanced here. The record brought here fails to so show.

In view of the conclusion we have arrived at, other defenses urged against the validity of the tax bill need not now be considered.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Hughes, P. J.,* and *McCullen* and *Anderson, JJ.,* concur.