Craig S. Crosswhite Hodgeman County Attorney Hodgeman County Courthouse Jetmore, Kansas 67854
Dear Mr. Crosswhite:
On behalf of the Hodgeman County Board of County Commissioners, you request our opinion regarding the validity of a resolution that was not published once a week for two consecutive weeks as required by statute. Specifically, you inquire as to "whether failure to publish a second time this resolution pursuant to [K.S.A.] 17-5908 renders the resolution invalid, not fully enacted until published two (2) consecutive times or valid despite the failure to publish a second time because of the passage of nearly two and one-half years." You also inquire as to whether the sixty day period for protest begins on the final publication date of January 23, 1977.
You state that on June 30, 1994, the Hodgeman County Board of County Commissioners approved Resolution No. 94-6 to permit corporate swine production in Hodgeman County pursuant to K.S.A. 17-5908. However, the resolution was only published once, on July 7, 1994. Upon discovering this fact, the resolution was published once a week for two consecutive weeks on January 16 and January 23, 1997.
A board of county commissioners may permit corporate swine production by passing a resolution pursuant to K.S.A. 17-5908. Publication and enactment requirements for that resolution are set forth in K.S.A. 17-5908(a)(1) which provides in part:
 "Such resolution shall be published once each week for two consecutive weeks in the official county newspaper. The resolution shall take effect 60 days after final publication unless a valid petition in opposition to the same is filed."
K.S.A. 17-5908 clearly requires two consecutive publications which are essential to the resolution becoming effective. Although this issue has not been addressed by the Kansas appellate courts, courts in other states have considered similar statutory requirements. The general rule is that when publication is made a prerequisite to a resolution taking effect, the requirement is mandatory and jurisdictional. Therefore, the statute must be strictly complied with in order for the resolution to take effect and to give the board of county commissioners jurisdiction to proceed under the resolution. Freeman v. City of Neligh,53 N.W.2d 67, 72 (Neb. 1952); Doemker v. City ofRichmond Heights, 18 S.W.2d 394, 396 (Mo. 1929);Electric Gas Co. v. Orrville, 36 Ohio C.C. (n.s.) 43, 46 (1914). "When the statute provides that the ordinance shall go into effect within a specified time after it is published, if it is never properly published it never goes into effect." 56 Am.Jur.2d MunicipalCorporations § 351 (1971). See also City of Harlan, Iowav. Duncan Parking Meter Corp., 231 F.2d 840, 841, n. 1 (8th Cir. 1956).
A board of county commissioners "cannot disregard or waive the mandatory legal requirements" of publication. 5 McQuillin Municipal Corporations § 16.66 (3d ed. 1996). We could not find any legal authority stating that the passage of time cures a failure to meet those requirements. It is therefore our opinion that Hodgeman County Resolution No. 94-6 will not become effective until sixty days after proper publication.
K.S.A. 17-5908 does not prescribe a specified time period within which publication must be made. Therefore, in our opinion, the lapse of more than two years between the time Resolution No. 94-6 was approved by the Hodgeman County Board of County Commissioners and the proper publication was made is not fatal to the enactment of the resolution. In Carthage v. Walters,375 So.2d 228 (Miss. 1979), a resolution did not take effect until its publication more than six years after its approval. It is our opinion, absent any protest petition being filed, and assuming that the two publications in January 1997 were properly made, Hodgeman County Resolution No. 94-6 will become effective sixty days after January 23, 1997, the date of final publication. We agree with the conclusion stated in your letter that the sixty day protest petition period began on January 23, 1997.
In summary, publication requirements for a county resolution permitting corporate swine production facilities under K.S.A. 17-5908 must be complied with in order for the resolution to become effective. Since the statute does not prescribe a specified time within which publication must be made, the lapse of more than two years between the approval of Hodgeman County Resolution No. 94-6 and proper publication thereof does not affect enactment of the resolution, however the resolution does not become effective until sixty days after its proper publication. The sixty day protest period does not begin until the final, proper publication of the resolution.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm