MISSOURI REAL ESTATE & LOAN COMPANY v. ISAAC T. CURD and J. C. SCHNEIDER, Appellants.—24 S. W. (2d) 106.

Division One, February 3, 1930.

*Silverman & Strop* for appellants.

*Oliver C. Hathway* and *Culver, Phillip & Voorhees* for respondent.

ATWOOD, P. J.—Appellants were the owners of property described in five tax bills numbered B C 18, B C 26, B C 27, B C 28 and B C 29, respectively. Respondent, as the owner of these tax bills, sued thereon. Two of the tax bills, B C 28 and B C 29, were thereafter paid and dismissal was entered as to them. From a judgment rendered for plaintiff on the remaining three tax bills defendants have appealed.

No question being raised as to form of the petition and tax bills they were not set forth in the record. Defendants' answer raised certain constitutional questions which were preserved in the motion for a new trial and are presented in the following assignment of errors:

"1. The court erred in ruling that Section 7836, R. S. Mo. 1919, when applied to the street and property in question is not in violation of the Fourteenth Amendment to the Constitution of the United States.

"2. The court erred in ruling that the absence from Section 7836, R. S. Mo. 1919, of any limitation as to the distance from the improved street within which property is made liable for the cost of the improvement does not affect the validity of the front-foot rule of assessment therein adopted.

"3. The court erred in holding the tax bills sued upon to be valid and enforceable."

The tax bills in question were issued for the improvement of Ashland Avenue in the city of St. Joseph, Missouri, from Lovers Lane south to a point 269 feet north of Osage Street, a distance of 6449.16 feet. The total cost of $27,365.63 was assessed against the abutting property in accordance with the "front-foot" rule, and the rate per front foot used in the assessment of the cost was $2.18834. Tax bill B C 26 discloses a frontage of 987.40 lineal feet of the tract therein described; tax bill B C 18 a frontage of 155.9 feet; and tax bill B C 27 a frontage of 1150.16 feet. It was agreed at the trial that this improvement was made by the Park Board of the City of St. Joseph,

and that Ashland Avenue was at that time under the jurisdiction of the Park Board. It was not shown or contended that the proceedings on the part of the Park Board and the City Council and other city officers were in any respect irregular or defective, or that the work was not properly done, or that the tax bills were not in proper form. This appeal is an attack upon the "front foot" rule as here applied under Section 7836, Revised Statutes 1919, relative to the city of St. Joseph. The pertinent provisions of this section are as follows (italics ours):

"The cost of all work on boulevards, streets, avenues and highways, or any part thereof, under the control of the board of park commissioners, except as hereinafter provided, shall be charged as a special tax on lands on both sides of and adjoining the boulevard, street, avenue or highway, or part thereof, and *when platted or laid off into lots or small tracts of a depth of less than one hundred and fifty feet,* measured from and at right angles to the line of the improved street, all the property in any block, or if any block has one or more alleys opening therefrom into the street improved, then all the property lying between any two such alleys, or lying between any such alley and another street opening into the street improved, *within one hundred and fifty feet of the line of the street improved,* or within the boundaries of any paralleling street or alley or between the boulevard improved and an alley, street or public highway paralleling the boulevard improved or having the same general direction of the boulevard improved, shall be considered as one parcel of property taxable for said improvement for the purpose of assessment of the cost of paving the roadway of said boulevard, and further, such parcel of ground shall be divided into three zones having equal area with the driving lines between the zones paralleling the boulevard improved. Then the amount for paving the boulevard, computed according to the frontage of the entire parcel, shall be apportioned to the several pieces of land in said parcel according to the zone within which each of the several pieces of land lie and in proportion to the area of each of the separate pieces of land in each zone bears to the area of the zone within which each piece of land lies. And further, all the property lying within the zone next and adjacent to the boulevard improved (to be known as zone No. 1) shall bear 50 per cent of the cost for paving the roadway, computed according to the frontage of the entire parcel, the zone lying next nearest to the boulevard (to be known as zone No. 2) shall bear 30 per cent of the aforementioned cost, the zone lying next to zone No. 2 (or zone No. 3) shall bear 20 per cent of the aforementioned cost, and special tax bills issued therefor in favor of the contractor, in the name of the owner of each separate piece of land, for the amount due."

543

The above section provides for use of both the "front foot" rule and the "area" rule, but the latter rule is only applicable where the property adjoining the improvement is "platted or laid off into lots or small tracts of a depth of less than one hundred and fifty feet." The record in this case shows that at the time this improvement was made and when the tax bills were issued there were no lots or tracts of land laid off and fronting upon the improvement "of a depth of less than one hundred and fifty feet." Therefore, the only method of assessment here involved is that based on the "front foot" rule, and appellants' suggestions and decisions cited involving the "area" rule are not decisive of this case. Such cases are Gast Realty & Investment Co. v. Schneider Granite Co., 240 U. S. 55; Trust Co. v. Blakely, 274 Mo. 52, 202 S. W. 402; Parker-Washington Co. v. Dodd, 305 Mo. 171, 264 S. W. 651; and Hesse-Rix Co. v. Krug, 6 S. W. (2d) 570, 319 Mo. 880. The "front foot" rule as such is not condemned in any of them, nor as there applied is it held to be violative of the Fourteenth Amendment of the Federal Constitution. We have many times declared the constitutionality of this rule. In St. Charles ex rel. v. Deemar, 174 Mo. 122, 124, 73 S. W. 623; this court said:

"That this defense is untenable is now finally and conclusively settled, and no more cases ought to be brought here questioning the constitutionality of this method of assessing the cost of such improvements."

In this case it is true that, while the cost of the improvement was charged as a special tax on lands on both sides of and adjoining it in strict accordance with the "front foot" rule, the tracts of land so charged varied much in depth and hence in area, though none of them were at that time "platted or laid off into lots or small tracts of a depth of less than one hundred and fifty feet." For instance, the property described in tax bill B C 18 had a frontage of 151.90 feet with a depth of 298.67 feet on the north side and 282.17 feet on the south side; the property described in tax bill B C 26 had a frontage of 1007 feet with a depth of 590 feet on the north side and 100 feet on the south side; and the property described in tax bill B C 27 had a frontage of 1178.1 feet with a depth of 1975 feet on the north side and 2325 feet on the south side. The latter tract fronts on the west side of the improvement and the other two tracts front on the east. They were all owned by appellant Curd, but at the time the tax bills were issued none of them were "platted or laid off into lots or small tracts of a depth of less than one hundred fifty feet." It is obvious, of course, that any tax assessed against such properties in proportion to their frontage would be laid against disproportionate areas, and this we understand is the exact point of appellants' attack. We do not think the contention should be sus-

tained. If Section 7836, supra, had limited the distance from the improvement within which such lands fronting thereon should be deemed benefited, as appellants say it should be to be constitutional, and such depth had been that of the smallest tract, how would the end of equality in taxation have been better served in this case? The owner of the tract having a greater depth would still have to pay the same amount of tax because the amount of the tax would in any event be determined by the frontage of the tract on the improvement. True, the part of the tract beyond the distance limit, like a separate tract situated the same distance from, but with no frontage on the improvement, would not be taxed, but by reason of being a part of a tract that does front on the improvement it shares a benefit that the other rear tract does not enjoy, and hence is not in the same position to claim immunity from taxation. Counsel for appellants say that after diligent search they "have found but one case discussing or considering the effect of the decision in the Gast case when the front foot rule of assessment is attempted to be applied to a situation such as is here present." The case referred to is Johnson v. Rudolph, 16 Fed. (2d) 525, and counsel frankly admit that it does not involve the precise question here presented. We have carefully studied that decision, but do not consider its reasoning applicable to the case here presented. As applied in the instant case the "front foot" rule does not produce such inequalities as render the tax bills invalid.

Among their points and authorities counsel for appellants also say that special tax bill B C 27 "is further void for the reason that lands lying outside the city limits are assessed for the cost of the work." The only part of the record referred to is a plat introduced in evidence, but there is no suggestion or proof of the amount of land claimed to be outside the city limits, and no such point was made in the motion for a new trial or in the assignment of errors. Consequently, it will not be considered on this appeal.

The judgment is affirmed. All concur.