Reynold L. GREEN, Tracy M. Green, Dennis C. Becker, Kathy M. Becker, Patrick T. Lynch, and Deborah A. Lynch, Respondents,

v.

LAKE MONTOWESE ASSOCIATION and Randall L. Smith, Individually, Appellants.

No. ED 98091.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 18, 2012.

---

**2.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Robert K. Sweeney, Robert K. Sweeney, L.L.C., Hillsboro, MO, for appellant.

Bianca L. Eden, Wegmann, Stewart, Tesreau, Sherman, Eden, Mikale & Bishop, P.C., Hillsboro, MO, for respondent.

KURT S. ODENWALD, Judge.

## Introduction

Lake Montowese Association ("Association") appeals from the trial court's judgment in favor of Reynold and Tracy Green (collectively "Green Family"), Dennis and Kathy Becker (collectively "Becker Family"), and Patrick and Deborah Lynch (collectively "Lynch Family") (collectively "Homeowners"). Homeowners sought a declaratory judgment that Association does not have the power to impose a special assessment against Homeowners for improvements to the subdivision water delivery system. The trial court held that Association's special assessment was inequitable as applied to Homeowners and declared the special assessment null and void as applied to them. The trial court also awarded Homeowners their attorney fees. Because sufficient evidence exists to support the trial court's finding that the special assessment was inequitable as applied to Homeowners, we affirm the trial court's judgment as to the assessment. However, the record does not contain sufficient evidence to justify the award of attorney fees as an exception to the American Rule. Accordingly, we reverse the portion of the trial court's judgment awarding attorney fees to Homeowners.

## Factual and Procedural History

The relevant facts established at trial, viewed in the light most favorable to the trial court's judgment, are as follows. In 1942, Lake Montowese Development Company, Inc. ("Developer") began developing the subdivision containing the real property involved in this appeal. This property is now known as the Lake Montowese subdivision in Jefferson County, Missouri. Around the same time, Developer installed a water delivery system to provide water to the homes that would eventually be built on the lots in the subdivision. Over the next seven decades, the water system became increasingly unreliable and unable to meet the needs of the subdivision's residents. Association acquired Developer's property interest in the subdivision around 1990, including control of the subdivision water delivery system.

In 1996, the Lynch Family purchased a lot with an existing home in the subdivision. The home was connected to the subdivision water delivery system at the time of purchase. During the first ten years in their home, the Lynch Family experienced problems with the water delivery system, including low water pressure, water pipes breaking, and discolored water. The Lynch Family discussed the problems with Association, which did not immediately act to repair the outdated system. In 2006, the water delivery system could no longer supply sufficient water to the Lynch Family's home. As a result, the Lynch Family disconnected from the subdivision water delivery system and dug a private well at the cost of $6,111.

In 1997, the Becker Family purchased a lot in the subdivision. The Association denied the Becker Family access to the subdivision water delivery system when they began building a home on the lot. Association approved the Becker Family's building plans contingent upon their agreement that they would never connect to the subdivision water delivery system. The Becker Family dug a private well at an approximate cost of $8,700.

In 1999, the Green Family purchased a lot in the subdivision. The Association similarly denied the Green Family access to the subdivision water delivery system when they began building a home on their lot. Association informed the Green Family that their building plans would not be approved until they agreed not to connect to the water delivery system. The Green

Family agreed, and dug a well at a cost of $5,185.

In 2007, Association sought to replace the inadequate water delivery system. Association held a public ballot among the subdivision property owners on its proposal to replace the system and transfer control of the new system over to Jefferson County. A majority of subdivision residents approved the ballot measure. Pursuant to the deed restrictions contained in the Jefferson County Land Records, the Association levied a special assessment on all homes in the subdivision to pay for the improvements to the water system. Association assessed $2,000 on properties not then connected to the subdivision water delivery system, and an additional $1,750 on properties connected to the system. Homeowners are not connected to the water system and refused to pay the special assessment. Association then filed liens against each property for the unpaid balance of the special assessment. Homeowners filed suit seeking, *inter alia*, declaratory judgment invalidating the special assessment as applied to Homeowners. After a bench trial, the trial court held that Homeowners were not subject to the special assessment. Association now appeals.

### Points on Appeal

Association presents three points on appeal. In its first point, Association argues that the trial court erred in holding that Association did not have the power to levy the special assessment to pay for improvements to the subdivision water delivery system. In its second point, Association asserts that the trial court erred in finding that the special assessment was null and void as applied to Homeowners because it was inequitable. In its final point, Association contends that the trial court erred in awarding Homeowners attorney fees.

### Standards of Review

We will affirm the judgment in a court-tried case unless the judgment is against the weight of the evidence, no substantial evidence exists to support it, or the trial court misapplied or erroneously declared the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "The trial court is free to believe or disbelieve all, part, or none of the testimony of any witness." *Watson v. Mense*, 298 S.W.3d 521, 525 (Mo. banc 2009) (internal citation omitted). This Court accepts as true the evidence and inferences from the evidence that are favorable to the trial court's judgment, and we disregard evidence to the contrary. *Id.* at 526.

 Under the American Rule, absent statutory authorization, contractual agreement, or exceptional circumstances, each party must bear its own litigation costs. *Goralnik v. United Fire and Cas. Co.*, 240 S.W.3d 203, 210 (Mo.App. E.D. 2007). The decision to award attorney fees is left within the trial court's broad discretion, and we will not overturn a trial court's judgment awarding attorney fees absent an abuse of that discretion. *Id.*

### Discussion

**I. The trial court did not hold that Association lacked authority to levy a special assessment for improvements to the water system.**

In its first point on appeal, Association argues the trial court erred in holding that the special assessment rendered against Homeowners was null and void because the Association lacked the authority to levy such special assessment. The trial court did not enter the broad ruling suggested by Association. Our review of the trial court's order shows that Association

has misconstrued the substance of the trial court's holding.

In its judgment, the trial court articulated the following relevant conclusions of law:

32. The court finds [Homeowners] are subject to the deed of restrictions of [Association] as set forth in Plaintiffs' Exhibit 14 which is recorded at Book 151, Page 126 of the Jefferson County, Missouri land records.

33. The court further finds that pursuant to the deed of restrictions assessments are limited to assessments for the upkeep and maintenance of the dam, roads and other improvements.

34. The court further finds that the water delivery system assessment is inequitable as to Plaintiffs in that Plaintiffs Green and Becker were denied access to the system and Plaintiff Lynch was forced to leave the system due to inadequate water pressure and Plaintiffs incurred substantial costs to dig wells to provide water for their properties.

The trial court's conclusion of law clearly states that Homeowners are bound by the deed of restrictions and that assessments are limited to "upkeep and maintenance of the dam, roads and other improvements." We do not read into the trial court's conclusions of law a determination by the trial court that the water delivery system was not one of the "other improvements" subject to special assessments under the deed of restrictions. We find no language in the trial court's judgment and decree compelling such a broad interpretation. To the contrary, the plain and clear language of the judgment and decree states that the basis of the trial court's judgment was the inequity of subjecting the Homeowners to the assessment when Homeowners had been denied access to, and were deprived of any benefit from, the water delivery system.

The judgment and decree states that, "declaratory judgment is rendered in favor of [Homeowners] and it is hereby declared that the special assessment of [Association] against [Homeowners] in the sum of $2000 as and for a new water system is null and void as to [Homeowners]." We note that the trial court's judgment holds the special assessment inapplicable only to Homeowners, and does not invalidate the assessment as to the larger subdivision. Moreover, although the trial court held that Homeowners are not currently subject to the special assessment, the Homeowners must pay a sum of $2,000 to Association for recoupment of infrastructure costs should they connect to the subdivision water delivery system in the future. We note that $2,000 was the sum of the special assessment Association initially charged to Homeowners. We are unwilling to conclude that the trial court would allow the future imposition of the special assessment on Homeowners had it intended to hold that Association lacked authority under the deed restrictions to levy any special assessment. Association mischaracterizes the breadth of the trial court's order in its first point on appeal. The trial court did not hold that Association was without power to levy the special assessment. Because Association appeals the substance of a judgment that the trial court did not make, Point One is dismissed.

**II. The record contains sufficient evidence to support the trial court's judgment that the special assessment was null and void as applied to Homeowners.**

◼ In its second point, Association argues that the trial court erred in finding

that the special assessment was inequitable as applied to Homeowners. We review the trial court's judgment under the guidelines articulated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Ordinarily, a special assessment levied against a plaintiff property owner is not objectionable on grounds that the plaintiff receives a reduced benefit when compared to others subject to the same assessment. *See Weatherby Lake Improvement Co. v. Sherman*, 611 S.W.2d 326, 332 (Mo.App. W.D.1980); *Lake Wauwanoka, Inc. v. Anton*, 277 S.W.3d 298, 300–01 (Mo.App. E.D.2009) (enforcing in equity a special assessment for repair of common property). However, in Missouri, courts have the authority to deny the imposition of a special assessment against property owners based upon principles of equity. *See Commerce Trust Co. v. Blakeley*, 274 Mo. 52, 202 S.W. 402, 404 (1918) ("[A] rule of apportionment cannot be upheld … if it results in gross inequality and arbitrarily distributes the burden without regard to special considerations applicable to the parcels taxed." (internal citation and quotation omitted)); *Surrey Condo. Ass'n, Inc. v. Webb*, 163 S.W.3d 531, 536 (Mo.App. S.D.2005) (condo association not permitted to assess unit owner a maintenance fee because, *inter alia*, unit owner would not benefit from the expenditures).

After reviewing the entire record, we find that substantial evidence exists to support the trial court's judgment that equity demands Homeowners be exempted from the special assessment at issue. Association expressly denied the Green and Becker Families access to the subdivision water delivery system, forcing them to incur substantial costs in digging their own wells. Although the Lynch Family's property was initially connected to the water delivery system, substantial evidence exists that the Lynch Family was forced to disconnect from the water delivery system, due to the poor condition of the system, and incurred substantial costs to dig an individual well. Given the costs incurred by Homeowners as a result of being actually, or constructively, denied the benefit of the subdivision water delivery system, the record contains sufficient evidence to support the trial court's judgment that principles of equity require that Homeowners not pay the special assessment. Point Two is denied.

## III. The trial court erred in awarding attorney fees.

■ In its final point on appeal, Association contends that the trial court erred in awarding Homeowners attorney fees related to its action for declaratory judgment.

■ Missouri follows the American Rule, which provides that absent statutory authorization, contractual agreement, or exceptional circumstances, each party must bear its own litigation costs. *Goralnik*, 240 S.W.3d at 210. In an action for declaratory judgment, special circumstances may support the award of attorney fees. *Id.* Here, the trial court awarded Homeowners attorney fees under the special circumstances exception to the American Rule. On appeal, the parties do not suggest that either statutory or contractual authority provide the basis for awarding attorney fees.

■ The "special circumstances" exception to the American Rule is narrow and strictly construed. *Id.* Courts in Missouri have ordered parties to pay attorney fees where the party's intentional wrongful conduct resulted in the opposing party's harm, and caused the opposing party to commence litigation. *Goellner v. Goellner Printing*, 226 S.W.3d 176, 179 (Mo.App. E.D.2007) (finding special circumstances permitting award of attorney fees where

former employer terminated payment of health insurance premiums for the 92 year-old widow of former employee "out of spite"); *Temple Stephens Co. v. Westenhaver*, 776 S.W.2d 438, 443 (Mo.App. W.D. 1989) (permitting award of attorney fees against defendant who intentionally prevented notice to plaintiff of rezoning related to plaintiff's property, but also reversing award of attorney fees against other members of defendant's partnership who had no knowledge of offending partner's conduct).

In its judgment, the trial court held, "the denial of privileges such as attaching to the water system and use of the amenities of the lake are such special and extraordinary circumstances as to warrant an award of attorney fees." The record in this case is clear that Association denied Homeowners access to the water delivery system, either actually or constructively. The record also indicates that Association denied Homeowners access to the subdivision lake as a result of Homeowners' refusals to pay the special assessment.

Homeowners argue that attorney fees were appropriate if this Court finds either that the assessment was inequitable as applied to Homeowners, or that Association made the intentional decision to deny access to the water delivery system to Homeowners, while allowing access to other residents. We disagree. The implication of Homeowners' assertion given the facts of this case is that the losing party in a lawsuit would always be subject to paying the prevailing party's attorney fees. As noted above, the American Rule reflects a materially different principle of law: that parties must typically bear the burden of their own litigation costs.

Although Homeowners were successful in their action, the record provides no basis for finding that Association's decision to initially impose the special assessment against Homeowners was based on an evil or wrongful motive. To the contrary, the fact that Association was generally authorized to levy the special assessment supports the reasonableness of Association's attempt to impose and enforce the special assessment against Homeowners. Moreover, the initial special assessment recognized the limited utility of the improved water delivery system to homes not connected to the system, and levied a substantially lesser special assessment against those property owners. That Association's special assessment against Homeowners was later found to be inequitable does not evidence a wrongful motivation by Association in levying the special assessment. The evidence in this case is uncontradicted that Association's actions were a response to the inadequacies of the water delivery system, and reflected an attempt to enforce through reasonable means a special assessment that Association was generally authorized to levy. We find no evidence in the record that the Association's actions were the product of wrongful or spiteful motive. *See Goellner*, 226 S.W.3d at 179.

The record in this case reveals that Homeowners suffered significant expense and frustration as a result of their inability to use the subdivision water system. The record is also clear that Homeowners sustained additionally legal expenses as a result of challenging, and ultimately prevailing against, Association's levy of the special assessment against Homeowners, and to restore the benefits of the subdivision to which Homeowners were denied access. While mindful of the expense and frustration endured by Homeowners, we nevertheless find no support for the conclusion that Association acted with an evil motive or committed any intentionally wrongful act. Absent such evidence, an award of attorney fees is contrary to the American Rule that parties must generally

pay their own legal expenses. Accordingly, the trial court abused its discretion in awarding attorney fees to Homeowners, and we reverse the trial court's order on that issue alone.

### Conclusion

The trial court's judgment is reversed as to its award of attorney fees, and affirmed in all other respects.

LAWRENCE E. MOONEY, P.J. and PATRICIA L. COHEN, J., Concur.